Curia, per-Chancellor.
When the motion for a rule of publication is made, the Chancellor may properly look into the bill for the purpose of ascertaining whether the Court can entertain jurisdiction of the cause. If found to be within the jurisdiction, the Act of Assembly of 1784, directs the rule to issue and publication to be made. In the case of Bowden vs. Shatzell, 1 Bail. Ch. 360, it has been determined that a person, absent from the State, may® be made a party in respect of property within the State, though there may be no other party within the State. Then the question is, whether the Court of Chancery sitting for Charleston, has jurisdiction in respect of property situated in Beaufort district. Unless there is some- *350 tiling to limit it, the Court, in whatever District sitting, has jurisdiction over the whole State. A suit- may he entertained in one district for the partition of lands lying in any part of the State. Previously to the Act of 1791, {1 Faust, 29) the Court of Chancery sat in Charleston alone, and its jurisdiction of cause extended to the entire State; and the Act of 1784 directs that the rule, of Court shall he published in the South Carolina Gazette and another copy thereof posted up at the door of the State House in Charleston. This provision of the act has never been altered, though, by an equitable construction, it has been determined that where one party is within the State and another absent from it, the suit being brought in the district, in which the one defendant resides, publication may be made in the same district. By the Act of 1791, establishing Equity Districts, it is provided ‘-‘that all future sittings of the Court of Equity for the full and solemn hearing of causes shall be held at the time, and places hereinafter directed; that is to say, at Columbia, for all, causes wherein the defendant shall reside in Camden, Orangeburg and Cheraw districts cfec., as to the other districts. And in all subsequent Acts establishing Equity Districts, the direction is that the suits shall be brought in the districts in which the defendants or a majority of them reside. It would seem to follow, therefore, that when there is no defendant within the State, residing in any district, the Act of 1784 applies and the suit must be brought and the publication made there; and perhaps this may be advantageous to absent defendants as being the place of greatest resort, where publications are likely to have the greatest notoriety, and to afford them the best chance of actual notice. Ñor do I think that any difference is made by the particular terms of the Act of 1810, establishing a Court of Equity for Beaufort district, which directs that all causes depending in Charleston, which have arisen in Beaufort district shall be transfered to the office of the commissioner of that district. This must be construed in reference to the general law, and by that, a cause is said to have arisen in a particular district when the defendants, or a majority of them reside there. If the defendant, shall appear and shew good cause for removing the case *351 to another district, it will be within the discretion of the Court to direct such removal. But until he does appear he has no right to be heard on any motion. It is ordered that the decision of the Chancellor be reversed and that the rule issue.